IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

CLEARWATER CONSULTING CONCEPTS, LLLP,    )
                                         )
                                         )
                    Petitioner,          )
                                         )      CIVIL NO. 2007-33
v.                                       )
                                         )
THE UNITED STATES OF AMERICA,            )
                                         )
                                         )
                    Respondent.          )
_____)
                                         )
CCC HOLDINGS, LLC,                       )
                                         )
                    Petitioner,          )
                                         )
v.                                       )      CIVIL NO. 2007-34
                                         )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                                         )
                    Respondent.          )
_____)

**MEMORANDUM OPINION AND ORDER**

This matter came before the Honorable Geoffrey W. Barnard, United States Magistrate Judge, on January 10, 2008  for oral argument on the Petitioners', Clearwater Consulting Concepts, LLLP ("Clearwater") and CCC Holdings, LLC ("CCC Holdings"), (collectively "Petitioners") Motions to Quash the Internal Revenue Service's ("IRS") third-party summonses served on FirstBank Virgin Islands ("FirstBank").[1]  At the hearing, the

---

[1]  The Petitioners filed identical Motions to Quash on behalf of CCC Holdings and Clearwater.  By Order dated November 27, 2007, the court granted Petitioners' Motion to Consolidate

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 2 of 21

Petitioners were represented by Ian M. Comisky, Esq., Henry L. Feuerzeig, Esq. and Daniel L. Stackhouse, Esq. The United States of America was represented by Assistant United States Attorneys Timothy Abraham, Esq. and Thomas J. Jaworski, Esq.

At the hearing, the Petitioners called two witnesses, William L. Blum, Esq. and Theodore C. Skokos, Jr., Tax Matters Partner for Clearwater and manager of CCC Holdings.  Attorney Blum testified regarding his understanding and opinion of the Virgin Islands "mirror system" of taxation and whether the Petitioners were required to dual-file Form 1065 partnership returns with the Internal Revenue Service and the Virgin Islands Bureau of Internal Revenue.  Mr. Skokos testified regarding the nature of the relationship between the Petitioners and FirstBank after the summonses were issued and the types of documents that were produced to the IRS.

## RELEVANT FACTS

Clearwater is a limited liability partnership created in the Virgin Islands on July 23, 2002. It offers business and management consulting and financial services in the Virgin Islands to clients worldwide.  Clearwater was granted tax benefits under the  Virgin Islands Economic Development

_____

the cases.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 3 of 21

Commission's Economic Development Program ("EDC Program") in

December 2002.   CCC Holdings is a limited liability company

created in the Virgin Islands on July 23, 2002 and is a general

partner of Clearwater.[2]  Petitioners claim that in error they

filed their 2002 partnership tax returns with the IRS, instead of

the Virgin Islands Bureau of Internal Revenue ("BIR").   However,

they corrected that error and at a later time,  filed the returns

with the BIR.  Petitioners further state that they filed their

2003 and 2004 taxes with the BIR.

On November 13, 2005, the IRS issued to Clearwater a Notice

of Examination and Information Document Request ("IDR")for tax

year 2002.  On February 6, 2006, the IRS issued Clearwater a

Notice of Beginning of Administrative  Proceeding for the 2002

tax year and on February 24, 2006, the IRS issued a summons to

Clearwater requesting certain documents relating to tax year

2002.  On August 1, 2006, the IRS notified Clearwater that it had

been selected for an inquiry to determine its possible filing

_____

[2]  Respondent, United States of America, describes CCC
Holdings as a Virgin Islands limited liability company and one
percent general partner of Clearwater Consulting Concepts, LLLP
which received its distributive shares of ordinary income and
other incomes from Clearwater which reports income form providing
consulting services to clients, including clients of the United
States.  (United States' Memoranda in Support of Motion For
Summary Denial of Petition to Quash & Summary Enforcement of
Summons, pages 2).

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 4 of 21

requirements with the United States for tax years 2003 and 2004

and also served Clearwater with an IDR for tax years 2003 and

2004.  Finally, also on August 1, 2006, the IRS notified CCC

Holdings that it had been selected for an audit for tax year 2002

and enclosed with the notice was an IDR for tax year 2002.  On

the same day, August 1, 2006, CCC Holdings was also notified that

it had been selected for an inquiry for tax years 2003 and 2004

and the IRS also served an IDR for records for those tax years.

(Petitioner's Omnibus Memorandum of Law in Support of Petitions

to Quash Third-Party Summonses Directed to FirstBank, page 5).

("Petitioner's Omnibus Memorandum")

Petitioners contend that they cooperated fully with the IRS

in its investigations.  Petitioners further contend that

nonetheless, on February 1, 2007, the IRS sent Clearwater and CCC

Holdings a notice of and a copy of  summonses served on FirstBank

dated January 29, 2007. (Petitioner's Omnibus Memorandum, page

6).  On February 20, 2007, Petitioners filed these Petitions to

Quash the IRS third-party summonses on FirstBank alleging that

the summonses were not issued in accordance with the criteria set

forth in *Powell v. United States*, 379 U.S. 48(1964). The

Petitioners allege that the summonses do not meet any of the

requirements of Powell and must be quashed for the following

reasons: (1)the IRS is illegitimately using the Tax Equity and

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 5 of 21

Fiscal Responsibility Act of 1982,("TERFA"), Internal Revenue
Code §§ 6221-6324, partnership audit procedures with respect to
Clearwater in an attempt to "look through" the Virgin Islands
entities to attack the residency of individual partners in
violation of the Tax Implementation Agreement ("TIA")between the
Virgin Islands and the United States; (2) the vast majority of
Clearwater and CCC Holdings records sought from FirstBank are
already in the possession of the IRS; and (3) the IRS did not
provide reasonable advance notice of third-party contacts as
required by 26 U.S.C. § 7602(c)because it provided no notice to
CCC Holdings and unreasonable notice to Clearwater.
(Petitioners' Onmibus Memorandum, page 2).

On May 21, 2007, the United States of America ("Respondent"
or "IRS") responded to the Petitioners' Omnibus Memorandum.[3]
Specifically, the IRS contends that it is investigating the
reporting requirements of CCC Holdings and Clearwater and whether
they have reported the proper amounts of income and the source of
such income for the 2002 through 2004 tax years and that the
records sought from FirstBank are necessary in its determination
of whether the income earned by Clearwater during 2002, 2003
and/or 2004 tax years is U.S. sourced or effectively connected

---

[3]   The Respondent filed two memoranda, one respective to CCC
Holdings and the other applicable to Clearwater.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 6 of 21

income and whether the income earned by CCC Holdings during 2002,
2003, and/or 2004 tax years are United States sourced income or
effectively connected income.  (Respondent's Memoranda, pages 3).

       Respondent further alleges that pursuant to 26 U.S.C.
§6031(e)(2), a foreign partnership is required to file a Form
1065(U.S. Partnership Return) if it has gross income derived for
sources within the United States, or gross income which is
effectively connected with the conduct of a trade or business
conducted in the United States. (Respondent's Memoranda, pages
3). Respondent further alleges that income from services are
sourced where the services are provided; therefore it is
necessary to determine where Clearwater consultants provided
their services[4] and if the income is U.S. sourced, CCC Holdings
and Clearwater were required to file United States partnership
tax returns reporting U.S. and non-U.S. income and if CCC
Holdings and/or Clearwater received U.S. sourced income for the
2002, 2003 and/or 2004 tax years, that income must be identified
on the BIR tax returns and is not available for the computation
of the Economic Development credit by the partners. (Respondent's
Memoranda, pages 3 and 4).

_____

       [4]  Respondents state that many of the consultants of
Clearwater are also partners of CCC Holdings.  (Respondent's
Memorandum regarding CCC Holdings, page 4).

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 7 of 21

Respondent further contends that it followed all the administrative steps as required by the Internal Revenue Code ("IRC")and the summonses seek documents that are relevant and necessary to the IRS's investigation of the reporting requirements of Petitioners and whether CCC Holdings and/or Clearwater reported the proper amounts of income and the source of such income for tax years 2002 through 2004. (Respondent's Memoranda, pages 4). Finally, Respondent contends that although, the Petitioners produced various documents in response to its pre-summons requests, the documents contained some, but not all, of the documents records reflecting the details of funds activity. (Respondent's Memoranda, pages 5 and 6).

In their reply, Petitioners contend that Respondents' assertion that partnerships formed and existing solely in the Virgin Islands are subject to dual-filing requirements ignores the mirror tax system, fails to address the IRS's illegitimate use of TERFA Audit Procedures and is legally incorrect and is made in bad faith.

### DISCUSSION

The question before this Court is whether the IRS has met the criteria set forth in *Powell* for the issuance of summonses and whether the Petitioners have set forth appropriate grounds to establish that the IRS has not met the *Powell* requirements. The

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 8 of 21

criteria set forth in *Powell v. United States* for the issuance of

a valid summons, are as follows: (1) the summons must be issued

for a proper purpose, (2) the information sought must be relevant

to that purpose, (3) the information must not be in the

possession of the IRS and (4) that the administrative steps

required by law regarding the summons and the issuance and the

service of the summons must have been followed.   *Powell* at 57-58.

## I.

**A.**  In regard to the first prong of the *Powell* criteria,

Petitioners contend that the IRS's issuance of the summonses does

not meet the first criteria of the Powell test in that the

summonses were not issued for legitimate purposes. The

Petitioners set forth several grounds in support of this

proposition. First, the Petitioners allege that the TEFRA

partnership audit rules do not apply to the 2003 and 2004 tax

years inquiry of Clearwater.  Second, Petitioners allege that

only the residency of the partnership, Clearwater, and its

general partner, CCC Holdings, is relevant and it is undisputed

that these entities are Virgin Islands residents and, thus, the

IRS has improperly issued summonses and is improperly attempting

to avoid the Tax Implementation Agreement ("TIA").

In regards to its first argument, Petitioners state that in

absence of an audit, TERFA procedures do not apply and that

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 9 of 21

Clearwater and CCC Holdings are being audited for the 2002 tax

year only and the IRS is merely conducting an inquiry for the

2003 and 2004 tax years and thus, the TERFA procedures do not

apply to the 2003 and 2004 inquiries.  Further, Petitioners

contend that in other Virgin Islands tax controversy cases, there

was a dispute regarding the residency of the taxpayers; however,

here, there is no controversy about residency of Clearwater and

CCC Holdings[5], as they are bona fide Virgin Islands partnerships

and as bona fide partnerships/residents, the "mirror code"

systems, codified at 48 U.S.C. 1397,[6] controls their tax filing

requirement and Clearwater and CCC Holdings would fulfill their

U.S. tax obligation by filing their tax returns and paying all

their income taxes into the Treasury of the Virgin Islands.

　　　**B.**  Additionally, Petitioners allege that they are not aware

---

[5]  Although CCC Holdings is a limited liability company, it
has elected to file its returns as a partnership.  (Petitioners'
Omnibus Reply, page 14.)

[6]  **Income law of the United States in force; payment of
proceeds; levy of surtax on all taxpayers**
The income-tax laws in force in the United States of America and
those which may hereafter be enacted shall be held to be likewise
in force in the Virgin Islands of the United States, except that
the proceeds of such taxes shall be paid into the treasuries of
said islands: Provided however, That, notwithstanding any other
provision of law, the Legislature of the Virgin Islands is
authorized to levy a surtax on all taxpayers in an amount not to
exceed 10 per centum of their annual income tax obligations to
the government of the Virgin Islands.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 10 of 21

of any other instance in which the IRS has taken the position
that bona fide Virgin Islands partnerships are subject to a dual
filing requirement as a foreign partnership under Internal
Revenue Code § 6031(e)(2).  In support of their position that the
dual filing is not required, the Petitioners contend that there
is no form to report sourcing of income for foreign partnerships
as there are for individual taxpayers, such as the 1040 Info.
Further, the Petitioners argue that the returns they filed with
the BIR, of which the IRS has copies which were provided to it by
the Petitioners, contain the partners' worldwide income and the
Schedules K-1s of its partners and under dual filing, the
Petitioners would be required to file only the Schedule K-1 with
its U.S. returns.  Thus, Petitioners contend that Clearwater and
CCC Holdings returns filed with the BIR are more comprehensive
than if they were filing U.S. returns and that the IRS may
readily obtain the information by requesting copies of the
Schedule K-1s from the BIR pursuant to Article 4 of the TIA.
Further, Petitioners argue that it is impossible for CCC Holdings
to have income other than Virgin Island source income in that it
is the general partner of Clearwater, a Virgin Islands
partnership, and receives all its distributions from Clearwater.
Therefore, all of CCC Holdings income is Virgin Islands source
income.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 11 of 21

**C.**   Petitioners' last contention in support of its position

that the Respondent has failed to meet the criteria of the first

prong of the *Powell* test, is that the IRS has violated the TIA.

Petitioners assert that notwithstanding Article 4,paragraph 4, of

the TIA, a reservation clause that allows the IRS to exercise its

rights under § 7602[7] of the Internal Revenue Code without

---

[7] Section 7602 in pertinent part reads:
   **Examination of books and witnesses.**
**(a) Authority to summon, etc.** For the purpose of ascertaining the correctness
of any return, making a return where none has been made, determining the
liability of any person for any internal revenue tax or the liability at law
or in equity of any transferee or fiduciary of any person in respect of any
internal revenue tax, or collecting any such liability, the Secretary is
authorized--
(1) To examine any books, papers, records, or other data which may be relevant
or material to such inquiry;
(2) To summon the person liable for tax or required to perform the act, or any
officer or employee of such person, or any person having possession, custody,
or care of books of account containing entries relating to the business of the
person liable for tax or required to perform the act, or any other person the
Secretary may deem proper, to appear before the Secretary at a time and place
named in the summons and to produce such books, papers, records, or other
data, and to give such testimony, under oath, as may be relevant or material
to such inquiry; and
(3) To take such testimony of the person concerned, under oath, as may be
relevant or material to such inquiry.

**(b) Purpose may include inquiry into offense.** The purposes for which the
Secretary may take any action described in paragraph (1), (2), or (3) of
subsection (a) include the purpose of inquiring into any offense connected
with the administration or enforcement of the internal revenue laws.

**(c) Notice of contact of third parties.**
**(1) General notice.** An officer or employee of the Internal Revenue Service may
not contact any person other than the taxpayer with respect to the
determination or collection of the tax liability of such taxpayer without
providing reasonable notice in advance to the taxpayer that contacts with
persons other than the taxpayer may be made.
**(2) Notice of specific contacts.** The Secretary shall periodically provide to a
taxpayer a record of persons contacted during such period by the Secretary
with respect to the determination or collection of the tax liability of such
taxpayer. Such record shall also be provided upon request of the taxpayer.
**(3) Exceptions.**   This subsection shall not apply-
      (A) to any contact which the taxpayer has authorized;

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 12 of 21

complying with procedure set forth in the TIA, the IRS was

required to request needed information from the BIR before

issuing the summonses to FirstBank.  Petitioners further contend

that the reservation of rights clause does not apply for the

following reasons: (1)because the language of the TIA is limited

to information in the Virgin Islands and the information in this

case is requested from the FirstBank in Puerto Rico; (2) that the

IRS has successfully invoked the clause only in cases that

involve the issue of residency of the taxpayer; (3) that to the

extent that the clause may be applicable, the TIA only preserves

it authority under § 7602 and the strictures of § 7602 are not

satisfied in that there was no request for a summons from the BIR

and there is not a legitimate inquiry into the bona fide Virgin

Islands status of the taxpayer; (4) the reservation clause itself

limits the right for the IRS to act outside of the BIR only to

the extent that the IRS notifies the BIR before taking action or

as soon a practicable, unless the IRS and BIR agree to limit

notification to certain classes of cases; and finally, (5) that

the actions of the IRS in this case do not fit the "necessity"

---

        (B) if the Secretary determines for good cause shown that such notice
would jeopardize collection of any tax or such notice may involve reprisal
against any person; or
        (C) with respect to any pending criminal investigation.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 13 of 21

exception of § 7602.

The IRS on the other hand contends that the summonses were
issued for a proper purpose in that summonses were issued to
investigate Petitioners' reporting requirements and whether
Petitioners reported the proper amounts of income and the source
of the income for the tax years 2002 through 2004 pursuant to 26
U.S.C. §6031(e)(2)[8] and 26 U.S.C. 863,864.  The IRS concedes that
the residency of the partners is relevant to the extent it may
indicate where the consultants of Clearwater, most of whom are
also partners of CCC Holdings, provided services in order to
determine whether Clearwater failed to report U.S. sourced income
or income effectively connected to a U.S. trade or business.
(Respondent's Memoranda pages 11).

**1.**  Petitioners' first argument is that the IRS does not

---

[8] **Foreign Partnerships.-**
           **(1) Exception for foreign partnership.**-Except as
provided in paragraph (2), the preceding provisions of this
section shall not apply to a foreign partnership.
           **(2) Certain foreign partnerships required to file
return.**  Except as provided in regulations prescribed by the
Secretary, this section shall apply to a foreign partnership for
any taxable year if for such year, such partnership has-
                (A) gross income derived from sources within the
United States, or
                (B) gross income which is effectively connected
with the conduct of a trade or business within the United States.

The Secretary may provide simplified filing procedure for foreign
partnerships to which this section applies.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 14 of 21

have authority under TERA to "audit" or conduct an inquiry for
tax years 2002 through 2004 because no "returns" were filed with
the IRS for those years and therefore, in absence of a United
States' return, TERA does not apply and there can be no audit.[9]
The court notes that Clearwater and CCC Holdings filed returns
with the IRS and BIR in 2002 and with the BIR for 2003 and 2004.
The court further notes that CCC Holdings is a bona fide limited
liability company that files its taxes as a partnership and that
Clearwater is bona fide Virgin Islands partnership.  As such,
Clearwater and CCC Holdings are properly considered foreign
partnerships within the meaning of  26 U.S.C. §3061(e)(2).  The
court further notes that whether the Respondent has authority to
conduct an audit/inquiry of the Respondent on the facts of this
case is not dispositive to issue before the court.  The court
finds that the Petitioners are foreign partnerships within the
meaning of 26 U.S. C. 603 (e)(2) and as foreign partnerships, the
Respondent has the authority under 26 U.S.C. section (e)(2) to
investigate the Petitioners whether designated as an audit or as
an inquiry to determine if any of Petitioners' gross income was
derived from sources within the United States or if any of their
gross income was effectively connected with the conduct of trade

_____

[9]  As noted above returns were initially filed with the IRS,
but were subsequently filed with the BIR.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 15 of 21

or business conducted in the United States.

**2.** Petitioners next argue that because they are bona fide Virgin Islands partnerships, the mirror tax system applies. As such, the Petitioners are only required to file their tax returns with the Virgin Islands government. In support of this argument, the Petitioners cite several cases. Particularly, the Petitioners cite *Polychrome International Corporation v. Krigger*, 5 F.3d 1522 (3d Cir. 1993)for the proposition that foreign sales corporations incorporated in the Virgin Islands are obligated, in the absence of any special exemption, to pay income taxes to the Virgin Islands government under the "mirror code" provision, 13 U.S.C.1397 (1988), which make the IRC applicable to all Virgin Islands residents. *Polychrome* at 1527. This essentially means that an individual or a corporation in the Virgin Islands pays its taxes to the BIR as an individual or a corporation under the same circumstance would pay its taxes to the IRS. *Id.* Most interestingly though, the court in *Polychrome*, in footnote 8, notes "[a]lthough individuals paying taxes under the mirror code provision are normally not required to pay taxes to the United States, the FSC provisions in the IRC provide that no tax imposed by §§ 921-927 must be "covered over" (i.e., not payable to) the Virgin Islands government. See IRC § 927 (e)(5)(c)." *Polychrome* at 1527, n. 8. It should be further noted that the exempted

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 16 of 21

portion of FSCs income is treated as "foreign source income which
is not effectively connected with the conduct of trade or
business with the United States." Polychrome at 1527, n. 6.

Thus, as evidenced in *Polychrome*, although the Virgin
Islands FSCs were required to pay its taxes to the Virgin Island
government, they were certain types of taxes that were still
payable to Untied States Government.  Likewise, is the case
before us.  Accordingly, pursuant to 26 U.S.C. 3601(e)(2),
Petitioners are required to file tax returns for any income
earned from sources within the United States or on gross income
effectively connected with the conduct of a trade or business in
the Untied States. Petitioners' arguments that this is the first
time that the IRS has attempted to enforce this provision; that
there are not separate IRS or BIR forms to list United States
gross income from sources within the United States or gross
income effectively connected with the conduct of trade or
business conducted in the United States and that they  are not
aware of regulations, rulings or IRS guidance prescribing, nor
any case holding that bona fide Virgin Islands partnerships are
subject to a dual filing requirement under 26 U.S.C. 3061(e)(2)
does not, in this court's opinion, affect the enforceability of
the provision nor estop the government from enforcing the
provision.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 17 of 21

**3.** Finally, the Petitioners assert that the TIA is on the facts of this case. First, Petitioners contend that the TIA is not applicable because the summonses were issued to the FirstBank in Puerto Rico and not Virgin Islands Branch.  In Respondent's memoranda, Respondent asserts that the summonses were issued to the Puerto Rican branch of FirstBank because the bank's legal counsel's division is located there.  The court disagrees with the Petitioners' asserting that the TIA is not applicable because the summonses were sent to the Puerto Rican branch office FirstBank and not to the St. Thomas branch.  Albeit, the summonses were sent to the Puerto Rican branch, the summonses requested information generated in the Virgin Islands for CCC Holdings and Clearwater.  Thus, to the extent the summonses requested information about Virgin Islands residents and is merely addressed to the Puerto Rican branch of FirstBank because the legal counsel's office is in Puerto Rico, the finds that the request does not violate the spirit of the TIA agreement.

Secondly, Petitioners assert that the IRS has only successfully invoked the applicability of the TIA reservation clause on the issue of residency of the taxpayer.  Even given this statement to be true that in and of its self is not disposition of the issue.  The IRS, under 7602, has several grounds to initiate an investigation of a taxpayer and the court

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 18 of 21

finds that this investigation of the Petitioners falls within the
parameter of 7602.  The court specifically rejects the
Petitioners assertion that in absence the IRS's request from the
BIR to issue a summons or an inquiry into the residency status of
the partnerships, the IRS does not have a basis under 7602 to
investigate the Petitioners.

Finally, the Petitioners contend that the IRS does not have
authority to request information of Virgin Islands taxpayer
without first notifying or as soon as practicable thereafter
notifying the IRB of its request.  Petitioners have not submitted
any affidavit or other document to establish that the IRS did not
first notify the BIR before proceeding with the issuance of the
summonses.  The Petitioners have merely asserted in their
memoranda that "to petitioners' knowledge, there has been no
request to or from the Virgin Islands government for assistance."
In the absence of an affirmative assertion that the TIA has not
been complied with, the court finds that the provision has not
been complied with.  Finally, as the court finds that the TIA
agreement is applicable here, it does not need to address
Petitioners fifth contention.

## II.

Petitioners contend that the IRS fails to meet the second prong
of the *Powell* test in that IRS has in its possession documents

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 19 of 21

that it requested pursuant to the summonses. In support of their
position, the Petitioners cite *United States v. Monumental Life
Insurance Company*, 440 F.3d 729 (6th Cir. 2006). In that case,
the court held that Monumental Life Insurance Company, the
third-party, was not required to produce documents that the IRS
already had in its possession as the documents were produced by
Monumental to the IRS with regards to the IRS's investigation of
another company.  The distinguishing factor between that case and
here is that in *Monumental*, the IRS had obtained the requested
documents from Monumental relative to the IRS's investigation of
different company regarding the same issues.  Here, the IRS
received the document from CCC Holdings and Clearwater only and
had not received the documents in a prior investigation from
FirstBank.  The court notes and agrees that the IRS should be
able to independently verify the completeness and accuracy of the
documents produced by Clearwater and CCC Holdings.  See *United
States v. Davey* 653 F.2d 996 (2d Cir. 1976).  Thus, its request
for documents from FirstBank that it may have already received
from the Petitioners, under this circumstances, is not violative
of *Powell*.

### III.

Finally, the Petitioners argue that the IRS did not provide
sufficient notice to the Petitioner regarding it intent to serve

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 20 of 21

summonses on FirstBank. Specifically, they allege that the

Publication 1 enclosed with the August 1, 2006 letters for the

2003 and 2004 notices of inquiry were not sufficient to put the

Petitioners on notice that the IRS had the right to contact

third-parties.  Further with respect to the letters sent in March

2006 advising of the possible third-party contacts for the 2002

tax year examinations, Petitioners argue there was an

unreasonable ten-month delay between their receipt of the letters

and the date the summonses were served and that they had produced

documents in the interim and were never advised that their

production was deficient in any manner.

    In support of its position the Petitioners cite *United*

*States v. Jillson*, 84 A.F.T.R.2d 99-7115 (S.D. Fla. 1999) and

recites the legislative history of section 7602(c).  The court

notes that in *United States v. Jillson*, the contact letter was

not sent until after the summonses were issued.  This is not the

case here; in this case, the contact letter and the Publication

1s advising of potential third-party contact were sent before the

summonses were issued.  The legislative history acknowledges that

the taxpayer has a right to know of third-party contacts before

they occur and gives the taxpayer the opportunity to volunteer

information and to resolve issues before third-parties are

contacted.

Clearwater Consulting Concepts, LLLP v. USA
Civ. No. 2007/33 & 2007/34
Memorandum Opinion and Order
Page 21 of 21

Here, the court finds that the letters sent to the Petitioners in March 2006 regarding potential third-party contact for the 2002 tax year examination and the Publication 1s sent regarding the 2003 and 2004 notices of inquiry were sufficient notice to the Petitioners.  Further, the court also finds that the timing of March 2006 letters and the sufficiency of Publication 1s notice to the third-party contacts were not violative of the intent of section 7602 as articulated in the legislative history.

## CONCLUSION

For the foregoing reasons, the Petitioners' Motions to Quash the Third-Party summonses issued on FirstBank are **DENIED** and the United States' counterclaim to enforce the summonses is **GRANTED.**

DATED: July 22, 2008

S_____
_____GEOFFREY W. BARNARD
U.S. Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
**CLERK OF THE COURT**